DYK, Circuit Judge,
concurring.
I join the opinion of the court insofar as it upholds the district court judgment based on a determination that a claim to pioglitazone (the 5-ethyl compound) would be non-obvious over the prior art. The problem is that only one of .the three claims involved here—claim 2—is limited to pioglitazone. In my view, the breadth of the other two claims, claims 1 and 5 of U.S. Patent No. 4,867,777 (“'777 patent”)— which are also referenced in the judgment-renders them likely invalid.
All of the compounds claimed in claims 1, 2 and 5 were included in generic claims in the prior art U.S. Patent No. 4,287,200 (“'200 patent”). Unfortunately our law concerning when a species is patentable over a genus claimed in the prior art is less than clear. It is, of course, well established that a claim to a genus does not necessarily render invalid a later claim to a species within that genus. See Eli Lilly & Co. v. Bd. of Regents of Univ. of Wash., 334 F.3d 1264, 1270 (Fed.Cir.2003). In my view a'species should be, patentable over a genus claimed in the prior art only if unexpected results have been established. Our case law recognizes the vital importance of a finding of unexpected results, both in this context and in the closely related context where a prior art patent discloses a numerical range and the patentee seeks to claim a subset of that range. See Application of Petering, 49 C.C.P.A. 993, 301 F.2d 676, 683 (1962) (species found patentable when genus claimed in prior art because unexpected properties of the species were shown); see also Pfizer, Inc. v. Apotex, Inc., 480 F.3d 1348, 1371 (Fed.Cir.2007) (relying on lack of unexpected results in determining that species claim was obvious in view of prior art genus claim); In re Woodruff, 919 F.2d 1575, 1578 (Fed.Cir.1990) (when applicant claims a subset of a range disclosed in a prior art patent, the applicant must generally show that “the claimed range achieves unexpected results relative to the prior art range”).
While the 5-ethyl compound (pioglita-zone) is within the scope of the '200 patent, there is clear evidence, as the majority correctly finds, of unexpected results regarding that compound, and therefore its validity is not in question on this ground. However, at oral argument the patentee admitted that the prior art '200 patent also generically covers the 6-ethyl compound, which is within the scope of claims 1 and 5 of the '777 patent, and admitted that there is no evidence of unexpected results for the 6-ethyl compound. Under such circumstances, I believe that the 6-ethyl is likely obvious, and consequently claims 1 and 5 are likely invalid for obviousness. However, the argument as to the over-breadth of claims 1 and 5 has been waived, because it was not raised in the opening brief. In any event, as a practical matter, the judgment finding that the appellants’ filing of. the ANDA for pioglitazone is an infringement and barring the making of pioglitazone is supported by the finding that claim 2 standing alone is not invalid and is infringed.